Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 CR 180 - 1 | **DATE** | 5/16/2001 |
| **CASE TITLE** | United States of America vs. John Walters | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Walters Writ of Error, Coram Nobis is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 1 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 50 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 MAY 17 AM 7: 54 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAY 1 7 2001

FILED
MAY 16 2001
Judge Harry D. Leinenweber
U. S. District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JOHN WALTERS,**

    Defendant.

Case No. 96 CR 180-1

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is John Walters' ("Walters") Writ of Error, Coram Nobis. On March 22, 1996, the United States Attorney filed a one count information charging Walters with violation of the mail fraud statute, 18 U.S.C. § 1341. On April 2, 1996, Walters waived indictment and pled guilty pursuant to a written plea agreement. *See* Minuted Order dated April 2, 1996. Walters served his sentence in this case, and he was released from federal custody on December 9, 1998. Walters was arrested on February 26, 1999 for a separate offense, and he is currently serving a 27-month sentence at the Federal Correctional Institute in Marion, Illinois.

## BACKGROUND

Walters was an administrative supervisor for the Union Oil Company, and he was in charge of approving payments for vendors who provided goods and services to the Plant. Walters created a



fictitious company and submitted 38 sham invoices totaling more than $285,000 to Unocal for payment. He then deposited the checks into an account that he created for his fictitious company. On June 13, 1997, this Court sentenced Walters to an 18-month term of imprisonment and ordered him to pay partial restitution in the amount of $100,000. Further, Walters was required to pay approximately $800,000 in a civil case decided against him in 1996. *See Union Oil Co. of CA v. Walters*, 95 C 3663, 1996 WL 332753 (N.D. Ill. June 14, 1996).

This is Walters' second writ of error coram nobis. He filed his first petition on June 26, 2000 and raised four claims: (1) that the doctrine of double jeopardy precluded his criminal conviction in this court because of his civil conviction; (2) that the Supreme Court in *Neder v. United States*, 527 U.S. 1 (1999), declared the mail fraud statute, 19 U.S.C. § 1341, vague and not consistent with Congress' intent; (3) that the trial court was without subject matter jurisdiction to convict him under the mail fraud statute because the statute is a nullity; and (4) that the trial court erred in failing to consider 18 U.S.C. § 3664(a) in ordering that he pay restitution. This court found that Walters' first, third and fourth claims were procedurally defaulted because he did not bring them on direct appeal, and he did not demonstrate cause and prejudice to excuse the procedural default. *See* Minute Order dated July 7, 2000. As Walters' second claim involved an

allegation that a change in the law occurred after his conviction, that claim was not procedurally barred. The court found, however, that Walters' claim lacked merit, as the Supreme Court in *Neder* did not strike the mail fraud statute. *Id.*

In this second motion Walters argues that (1) the trial court lacked jurisdiction because his criminal conviction was barred by the Double Jeopardy Clause; (2) the information was defective because it did not expressly refer to "materiality" as required by *United States v. Neder*, 527 U.S. 1 (1999); (3) the mail fraud statute is void for vagueness under the Due Process Clause of the Constitution; (4) the mail fraud statute is a non published regulation which is a "mere nullity and void"; (5) the information was void because it lacks the certifying signatures of a grand jury foreman; and (6) the sentence imposed was unconstitutional in view of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

As Walters has already served the sentence he seeks to attack and it is unrelated to his present confinement, he has properly invoked the coram nobis remedy. *Lewis v. United States*, 902 F.2d 576, 577 (7th Cir. 1990). The "second or successive" provisions in the Antiterrorism and Effective Death Penalty Act of 1996 do not apply to motions for writ of coram nobis, but instead the abuse of the writ standard applies. See *Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999)(observing that coram nobis is not a "substitute" for § 2255); *Howard v. United States*, 962 F.2d

651, 653 (7th Cir. 1992)("a defendant must be in custody under a court sentence to pursue a writ of habeas corpus"). The United States, however, has not raised abuse of the writ as a defense, and thus, the court will address Walters' claims in his motion. *See McCleskey v. Zant,* 499 U.S. 467, 477 (1991).

**DISCUSSION**

The writ of error coram nobis is an extraordinary remedy, and it is only available if the petitioner demonstrates that (1) the conviction under attack has produced lingering civil disabilities; and (2) the error is the type of defect that would have supported § 2255 relief during imprisonment. *United States v. Keane,* 852 F.2d 199, 202-203 (7th Cir. 1988); 28 U.S.C. § 1651. Coram nobis, like relief under § 2255, is not a substitute for direct appeal, and it is unavailable to deal with (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the petitioner demonstrates cause for that procedural default and actual prejudice from that failure to appeal. *United States v. Frady,* 456 U.S. 152, 166-68 (1982); *United States v. Velasquez,* No. 84 CR 646-6, 1995 WL 608560, *1 (N.D. Ill. Oct. 13, 1995).

Fundamentally, Walters has not demonstrated that he is operating under a lingering civil disability sufficient for coram

- 4 -

nobis relief. *See Keane*, 852 F.2d at 203-204. Further, as will be explained below, Walters has not demonstrated that there was error that would have supported § 2255 relief during his incarceration. The writ of error coram nobis is an extraordinary remedy "limited to defects that sap the proceedings of any validity." *Id.* at 203.

Walters has withdrawn Claim I. *See* Walters' Reply at 3. Further, this court recently dealt with Claim V in a separate motion, where a review of Walters' testimony on April 2, 1996 indicates that he agreed, both orally in court and in a written waiver of indictment, to waive indictment and proceed by way of information. *See* Minute Order dated May 7, 2001. Therefore, the court will not address Claims I and V. Regarding Claim IV, Walters argues that ineffective assistance of counsel prevented him from filing an appeal. Regarding Claims II, III, and VI, Walters argues that those claims are based on recent Supreme Court rulings and could not have been raised earlier.

### Claim IV

Walters failed to file a direct appeal or a § 2255 motion. In this motion, Walters argues cause and prejudice for the procedural default for several of his claims, which he did not do in his previous motion. He argues that the cause for not seeking relief earlier on these claims is ineffective assistance of counsel. *See* Walters' Brief at 5. To support his ineffective

assistance of counsel argument, Walters asserts, aside from the arguments based on Double Jeopardy which he has dropped, that his counsel failed to follow basic criminal procedures because his counsel urged him to accept a plea without proof of indictment; failed to research whether the mail fraud statute is a non published regulation; failed to file an appeal after Walters urged his counsel to look into it; and failed to file an Anders brief.

Walters' allegations of ineffective assistance of counsel are governed by the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under that test, Walters must show: (1) that his counsel's performance was deficient, such that under the circumstances, it was unreasonable under prevailing professional norms; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052. Failure to file an appeal when one has been requested constitutes a per se violation of the objective standard of reasonableness. *Castellanos v. United States*, 26, F.3d 717, 718 (7th Cir. 1994). Here, Walters argues that he asked his counsel to file an appeal and his counsel did not do so. In his plea agreement, however, Walters "waiv[ed] all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence." *See*

Walters' Plea, ¶ 11. Walters, however, has not identified any appealable issues or identified how his counsel's performance was deficient under prevailing professional norms. An attorney is not required to assert meritless claims to effectively function as counsel. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). Further, "it is not ineffective assistance for counsel to not file a meritless motion." *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990).

In any event, Walters has not satisfied the second prong of the test in *Strickland*. To demonstrate prejudice under the cause and prejudice standard, a defendant must demonstrate not merely that there was a possibility of prejudice but that counsel's errors "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S. Ct. 1584. Therefore, Claim IV is procedurally defaulted. In any event, Walters' argument that the mail fraud statute was not properly promulgated and is a non published regulation lacks merit.

### Claims II, III, and VI

Walters argues that Claims II, III, and VI are based on recent Supreme Court rulings and could not have been raised earlier. In Claim II, Walters argues that his mail fraud conviction must be reversed because the information that charged him does not adequately allege materiality. In 1999, the Supreme Court ruled that a "scheme to defraud" under the wire and mail

fraud statutes must include the element of a material falsehood. *Neder v. United States,* 527 U.S. 1, 25, 119 S. Ct. 1827 (1999). The Court further explained that a "false statement is material if it has a 'natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed.'" *Id.* at 16, *quoting Kungys v. Untied States*, 485 U.S. 759, 770, 108 S. Ct. 1537 (1988). After a careful review of the information, the court finds that the information clearly included the element of a material falsehood. It is not necessary that the indictment contain the exact words "material falsehood." Here, the information stated that Walters created a fictitious business entity called PCMS, and he made false and misleading statements by

> caus[ing] no less than 38 false and fraudulent PCMS invoices which he had created and approved to be electronically forwarded from the Plant to Unocal's Los Angeles headquarters requesting payment for goods and services allegedly provided to the Plant by PCMS. The invoices requested payment for goods and services which included but were not limited to natural gas service, electricity service, and workmen's compensation payments for medial services allegedly delivered to Plant employees. When WALTERS submitted the false and fraudulent invoices to Unocal's headquarters, he knew that the goods and services allegedly provided by PCMS to Unocal as listed on the invoices had not been received by or performed for the Plant, and in fact the PCMS invoices were completely fabricated by WALTERS.

Information, ¶¶ 3-5. The information contained the element of a material falsehood as required by *Neder*, and Walters' claim would not have warranted relief under § 2255. *See Keane*, 199 F.2d at 203.

In Claim III, Walters argues that the mail fraud statute is void for vagueness based on *Neder*. This is the same claim that Walters made and that this court rejected in Walters' first petition for writ of error coram nobis, it lacks merit, and it will not be addressed again.

Last, in Claim VI, Walters argues that the sentence imposed was unconstitutional based on the recent Supreme Court decision in *Apprendi*. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63. Not only is *Apprendi* inapplicable here, but the Supreme Court has not held that *Apprendi* is retroactive. The Seventh Circuit has defined the reach of *Apprendi* and has declined to treat the decision as retroactive. *See Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000)("Prisoners seem to think that *Apprendi* reopens every sentencing issue decided by a federal court in the last generation. It does not. All *Apprendi* holds is that most circumstances increasing a statutory maximum sentence must be

treated as elements of the offense."). While Walters disagrees with the United States' interpretation of his argument under *Apprendi*, his additional arguments lack merit. Walters' sentence was less than the statutory maximum, and the *Apprendi* decision is not applicable.

## CONCLUSION

For the foregoing reasons, Walters Writ of Error, Coram Nobis is DENIED.

**IT IS SO ORDERED.**

      Harry D. Leinenweber, Judge
      United States District Court

Date: May 16, 2001